STATE *v.* TOWN OF ALBURGH.

*Highway. Indictment for want of repair.*

In 1831 a highway was laid out and worked on the line between the town of Alburgh and Canada, the line being the centre of the highway, for about two miles east from the shore of Lake Champlain, and was subsequently travelled by the public, until 1844, when the selectmen made a new survey, and located the entire highway, three rods wide, within the town of Alburgh, the province line being the north line of the highway, as thus located. No certificate was ever deposited in the town clerk's office, that the highway, as newly located, was opened for travel; but the road was used for public travel, and highway taxes were expended upon it. And it was held, that an indictment would lay against the town, for suffering the highway, as newly located and surveyed, to be out of repair.

INDICTMENT for suffering a highway to be out of repair. Trial by jury, February Term, 1849,—ROYCE, Ch. J., presiding.

It appeared, that in 1831 a highway was laid out and worked on the line between the town of Alburgh and Canada, the line being the centre of the highway, for a distance of about two miles east from the shore of Lake Champlain, and was subsequently travelled by the public, until 1844, when the selectmen of Alburgh made a new survey, and located the entire highway, three rods in width, in the town of Alburgh, the line of Canada being the north line of the highway, as thus located. ' The road, upon this last survey, had been but imperfectly and partially made, and the central parts of it were impassable with teams and carriages, so that travellers were there obliged to diverge into the old road and go partly in Canada. The selectmen had never lodged a certificate in the town clerk's office, that the new road was opened for travel; but district highway taxes had been expended upon it, and for the greater part of the distance, being all but the central portion, it had become the road of common travel and use for a considerable time before the indictment was found; and some of the part, thus commonly travelled, was in bad condition for travel, until after the indictment was found.

The defendants insisted, that, upon these facts, the indictment was not sustained. But the court decided otherwise, and advised, that a verdict of guilty should be returned,—which was done accordingly. Exceptions by defendants.

*H. R. Beardsley* for defendants.

1. The depositing a certificate, that a highway has been opened for travel, is indispensable, in order to constitute it a public highway, in such sense as to subject the town to an indictment for not *repairing* it. Rev. St. 128, § 25. *Patchin* v. *Morrison*, 3 Vt. 590. *Warren* v. *Bunnel*, 11 Vt. 600. *Young* v. *Wheelock*, 18 Vt. 493.

2. If it be said, that a town may adopt a highway, and thus become liable, without such certificate, it will be sufficient to reply, that this case furnishes no evidence of any such adoption. 18 Vt. 493. The indictment should have been for not opening the highway, if the time fixed for that purpose had elapsed.

State *v.* Alburgh.

*G. Harrington,* states attorney.

The case shows the way in question to have become a public highway,—1. By its being an ancient way for the public ;—2. By its being laid out by the selectmen in 1844 and made wider ;—3. By the public highway tax being expended upon it by the town, and including it in one of the highway districts. The certificate of the selectmen, that the road was opened for travel, was not necessary, in order to render the town liable. *Blodgett* v. *Royalton,* 14 Vt. 288. 3 Chit. Cr. Law 567. 1 Ib. 473.

The opinion of the court was delivered by

KELLOGG, J. The defendants insist, that this indictment is not sustained by the evidence,—that it should have been an indictment for not making and opening the road.

If we are to regard the road in question as a new road, which had no existence prior to the survey of 1844, and which had not been made and opened by the proper authority and had not been recognized by the town as a public highway, it would be very clear, that the indictment under consideration (which is for not repairing an existing highway) is not adapted to the case. In that event the indictment should be for not making and opening the road. But we think, the facts neither require nor would justify us in so regarding the case. Here was a road of many years' standing, laid out and made by proper authority, and which had long been used by the public. This road, or rather that part of it which lay within the town of Alburgh, and over which they could have any control, was only a rod and a half wide, and consequently was inadequate to the wants of the public. It, however, has never been discontinued. The survey of 1844 was not, in fact, the survey of a *new road,* though the selectmen so call it in their survey bill ; but it was simply enlarging the limits of an *existing highway,* so as to make it comport with the requirements of the law and such as public convenience demanded. It was providing for the widening of the old road. And the neglect of the town to make this old road of suitable and sufficient width was a neglect to *repair* the road, within the meaning of the statute, and we think the present indictment well lies to enforce this duty.

The defendants will take nothing by their exceptions.